IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARK SWANN, #279735 : | |
|     Plaintiff : | |
| : | |
| v. : | CIVIL ACTION NO. RDB-06-404 |
| : | |
| FRANK C. SIZER, *et al.*, : | |
|     Defendants : | |

## **MEMORANDUM**

On February 15, 2006, Plaintiff, presently incarcerated at the Maryland Correctional Training Center in Hagerstown (MCTC), filed the above-captioned civil rights action seeking money damages.  He also seeks injunctive relief wherein this Court would "forc[e] [Defendants] to process inmate complaints in accordance w[ith] policy...." Paper No. 1.  Because he appears to be indigent, Plaintiff shall be granted leave to file *in forma pauperis*, pursuant to 28 U.S.C. Section 1915(a).

Plaintiff alleges that prison administrators fail to properly process his administrative remedy procedure complaints and grievances in accordance with existing policies.  His request for injunctive relief must be construed by this Court as if it were a mandamus request filed pursuant to 28 U.S.C. § 1361.  Under that statute, this Court has original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. This Court, however, has no mandamus jurisdiction over the state or its employees and cannot compel Defendants to provide Plaintiff with the relief he seeks.  *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 586-87 (4th Cir. 1969).

To the extent that Plaintiff seeks money damages due to injury caused by Defendants' alleged misconduct in failing to follow agency policy in processing prisoner administrative

complaints and grievances, his claim fails, because there is no constitutional right to a prison grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994).

Accordingly, the instant lawsuit is subject to dismissal pursuant to 28 U.S.C. § 1915(e). The Court notes that this is Plaintiff's first dismissal under Section 1915(e). Plaintiff may be barred from filing future suits *in forma pauperis* as a result of these dismissals.[1]

A separate Order shall be entered reflecting the opinion set forth herein.

February 21, 2006            /s/
    (Date)                      RICHARD D. BENNETT
                                UNITED STATES DISTRICT JUDGE

---

[1]
    28 U.S.C. § 1915(g) provides that:

    In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As the Court interprets this provision of the statute (the relevant portions of which are also known as the "Prison Litigation Reform Act" or "PLRA"), once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions *in forma pauperis*, absent extraordinary circumstances.