IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARK SWANN, #279735 | : |
|     Plaintiff | : |
| | : |
| v. | :   CIVIL ACTION NO. RDB-06-404 |
| | : |
| FRANK C. SIZER, *et al.*, | : |
|     Defendants | : |

### **MEMORANDUM**

On February 15, 2006, Plaintiff, presently incarcerated at the Maryland Correctional Training Center in Hagerstown (MCTC), filed the above-captioned civil rights action seeking money damages and injunctive relief wherein this Court would "forc[e] [Defendants] to process inmate complaints in accordance w[ith] policy...." Paper No. 1. Plaintiff was granted leave to file *in forma pauperis*, and his action was dismissed *sua sponte* on February 22, 2006. Paper Nos. 3 and 4. He now seeks reconsideration of that dismissal on the ground that his First and Fourteenth Amendment rights are violated when State prison officials fail to comply with Maryland administrative process. He alleges, without supporting factual information, that Defendants' failure to "correctly process inmate complaints" deprived him of "free and uninhibited access...to both administrative and judicial forums" in order to seek "redress of grievances against state officers." Paper No. 5.

This Court has no jurisdiction to monitor the prisons' processing of administrative remedy procedure ("ARP") grievances. To the extent that state prison officials are not in compliance with ARP procedures, prisoners may appeal their grievances through several levels of administrative review before seeking appeal in the State circuit courts.[1] While this Court, in

---

[1] Plaintiff is, of course, free to file any appropriate State court action regarding the alleged failure of State prison officials to comply with State administrative procedures.

compliance with the Prison Litigation Reform Act, does require administrative exhaustion as a prerequisite to filing a federal civil action, exhaustion is waived when a prisoner demonstrates a bona fide attempt to first present grievances in accordance with State procedures.  Accordingly, Plaintiff's motion for reconsideration will be denied by separate Order.


Dated:   March 13, 2006                             /s/_____
                                                    RICHARD D. BENNETT
                                                    UNITED STATES DISTRICT JUDGE